UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK ENWONWU,                       )
      Plaintiff,                )
                            )
      v.                        )   CIVIL ACTION NO. 11-11704-MBB
                            )
DRIVERS STAFFING INC., ET AL.,   )
      Defendants.               )

## MEMORANDUM AND ORDER

**January 17, 2012**

**BOWLER, U.S.M.J.**

### BACKGROUND

On September 26, 2011, Plaintiff Frank Enwonwu ("Enwonwu"), filed a Complaint against Drivers Staffing Inc., Keith Janian (the Operations Manager), Molly Connolly (the student services coordinator), the Division of the Unemployment Office, and Examiner Shriber (the hearing officer).  In brief, Enwonwu contended that his civil rights were violated when the Defendants lied under oath and obstructed justice.  He further contends the Defendants produced false documents into testimony in order to deny him his unemployment benefits since June 2009.

On November 16, 2011, this Court issued a Memorandum and Order (Docket No. 5) directing Enwonwu to demonstrate good cause why this action should not be dismissed for a number of reasons, including the failure to comply with Rule 8 of the Federal Rules of Civil Procedure, the lack of *respondeat superior* liability under 42 U.S.C. § 1983, sovereign immunity with respect to the Division of Unemployment Assistance, quasi-judicial immunity of

Examiner Schriber, lack of state action by Defendants Janian and Connolly, the jurisdictional bar presented by the Rooker-Feldman doctrine with respect to claims for review of an unemployment benefits decision, and failure to state plausible discrimination claims.  Further, in the absence of federal question jurisdiction, this Court advised it would decline to exercise supplemental jurisdiction over Enwonwu's state-law based claims. Finally, this Court noted its concern over Enwonwu's good faith in bringing this action, particularly in view of his stated motivation for filing suit against his former employer.

     In response to the directives contained in the Memorandum and Order, Enwonwu filed a Show Cause Response, along with a proposed Amended Complaint (Docket No. 6).  In that Response, Enwonwu asserts, *inter alia*, that the Amended Complaint complies with the requirements of Rule 8 in that it gives the Defendants fair notice of the claims, sufficient to mount a defense.  He also asserts that the factual bases for his claims are set forth in the findings of fact made by Examiner Scriber.  Additionally, Enwonwu contends this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because his claims are based on 42 U.S.C. §§ 1981[1] and 1985(2) & (3).[2]  He further contends that

---

     [1]Section 1981, originally enacted as the first section of the Civil Rights Act of 1866, concerns racial discrimination in the making and enforcement of contracts.  Runyon v. McCrary, 427 U.S. 160, 172 (1976).  To state a claim under § 1981, a plaintiff must allege (1) that he is a member of a racial minority,(2) that

sovereign immunity does not apply to his claims, and that his

claims of conspiracy are contract-based, sufficient to invoke

§ 1981.  Next, Enwonwu contends that Examiner Shriber is not

entitled to quasi-judicial immunity for the strictly ministerial

or administrative function of issuing a subpoena to compel

production of essential telephone records.  Additionally, he

argues that principles of *res judicata* or Rooker-Feldman do not

apply here, because this is a new civil rights action raising

different claims than his state administrative claims. He

requests summonses issue against all Defendants at this time.

Enwonwu's proposed Amended Complaint reiterates many of the

same allegations in his original.  With respect to facts relating

---

the defendant discriminated against him on the basis of his race,
and (3) that the discrimination implicated one or more of
the activities enumerated in the statute.  Garrett v. Tandy
Corp., 295 F.3d 94, 98 (1st Cir. 2002).  The 1991 amendments to
the Civil Rights Act permit employees to sue under § 1981 for
post-contract formation conduct, including discriminatory
termination.

[2]Section 1985 concerns conspiracy to interfere with civil
rights.  Section 1985(1) concerns conspiracy to prevent an
officer from performing duties.  Section 1985(2) concerns
obstruction of justice, intimidating party, witness or juror.
Section 1983(3) concerns the deprivation of rights and
privileges.  The elements of a § 1985(3) claim are: "(1) a
conspiracy, (2) a conspiratorial purpose to deprive a person or
class of persons, directly or indirectly, of the equal protection
of the laws or of equal privileges and immunities under the laws,
(3) an overt act in furtherance of the conspiracy, and (4) either
(a) an injury to person or property, or (b) a deprivation of a
constitutionally protected right or privilege."  Aulson v.
Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(citing Griffin v.
Breckenridge, 403 U.S. 88, 102 (1971)).

to his conspiracy allegations, he contends the Defendants submitted a purported "Driver Complaint Form" containing a warning concerning Enwonwu's job performance.  He argues that this evidence tendered in his benefits hearing was never delivered to him by person or by mail, and he never received a meeting with his employer concerning the matters contained in that form.  Additionally, Enwonwu submits that the Defendants' act of tendering in evidence false check/payment information concerning his wages supports his conspiracy claim.  He also contends Defendant Shriber's refusal to allow him to subpoena telephone records to disprove the Defendants' evidence contributed to the conspiracy.  He then makes a bald allegation that "[b]ut for his Black race and obvious African accent, Defendants would not have so subjected him to the denial of a benefit he is entitled based upon the termination of his employment with Drivers Staffing Inc."  Proposed Am. Compl. (Docket No. 6 at 11, ¶ 28).

## DISCUSSION

As a threshold matter, Enwonwu may file an Amended Complaint as of right, and the Court will permit the proposed Amended Complaint attached to his Show Cause Response (Docket No. 6) to be filed.  The Amended Complaint (Docket No. 6) shall be the operative pleading in this action.

At this juncture, based on Enwonwu's Show Cause Response,

the Court finds that Enwonwu's claims are questionable, but in

order to evaluate adequately the merits of each of Enwonwu's

claims, a responsive pleading is required by the Defendants,

addressing the allegations.  Therefore, the Court will permit

this action to proceed in its entirety at this time.

Accordingly, the Clerk will be directed to issue summonses

as to each Defendant.  Further, because Enwonwu is proceeding *in

forma pauperis*, the Court will direct the United States Marshal

Service to effect service of process on the Defendants as set

forth below.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.  Plaintiff's Amended Complaint (Docket No. 6)(attached to his
    Show Cause Response) shall be the operative pleading in this
    action;

2.  The Clerk shall issue summonses as to each Defendant; and

3.  The Clerk shall send the summonses, a copy of the Amended
    Complaint, and this Memorandum and Order to the Plaintiff,
    who must thereafter serve the Defendants in accordance with
    Federal Rule of Civil Procedure 4(m).  The Plaintiff may
    elect to have service made by the United States Marshal
    Service.  If directed by the Plaintiff to do so, the United
    States Marshal Service shall serve the summonses, Amended
    Complaint, consent form, and this Memorandum and Order upon
    the Defendants, in the manner directed by the Plaintiff,
    with all costs of service to be advanced by the United
    States Marshal Service.  Notwithstanding Fed. R. Civ. P.
    4(m) and Local Rule 4.1, the Plaintiff shall have 120 days
    from the date of this Order to complete service.

SO ORDERED.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
UNITED STATES MAGISTRATE JUDGE

5