United States District Court
District of Massachusetts

```
                                    )
FRANK ENWONWU,                      )
       Plaintiff,                   )
                                    )
       v.                           )   Civil Case No.
                                    )   11-11704-NMG
DRIVERS STAFFING INC., KEITH        )
JANIAN, DIVISION OF UNEMPLOYMENT    )
ASSISTANCE, and JANET SHRIBER,      )
       Defendants.                  )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

Pro se plaintiff Frank Enwonwu brings this civil rights action against defendants Drivers Staffing Inc. ("Drivers Staffing"), a staffing agency, Keith Janian, its operations manager, the Massachusetts Department of Unemployment Assistance ("DUA") and Janet Shriber ("Examiner Shriber"), a DUA examiner and hearing officer. Enwonwu claims that the defendants conspired to deny him unemployment benefits on the basis of his race.

I.  **Background**

   A.  **Facts**

Plaintiff, who is a black Nigerian national, worked as a driver for Drivers Staffing from December 15, 2008 through June 8, 2009. His principal responsibility was to transport high school students to and from school. On June 9, 2009, the vehicle

that Drivers Staffing assigned to his care was towed and plaintiff did not have sufficient funds to pay the towing fee. As a result, plaintiff was unable to transport students to school that morning.

On that date or shortly thereafter, plaintiff ceased working for Drivers Staffing, though the parties disagree as to whether he was terminated or resigned. Plaintiff alleges that Drivers Staffing fired him for having allowed the van to be towed and in retaliation for complaints about his wages. Drivers Staffing answers that it did not terminate him. It maintains that when he failed to respond to phone messages or return to work, management assumed he had resigned.

On June 24, 2009, plaintiff filed for unemployment benefits with the DUA. The following month, the DUA notified plaintiff of its finding that he voluntarily separated from employment without good cause and of its ruling that he was therefore ineligible to receive unemployment benefits. Plaintiff appealed that ruling and hearings, presided over by Examiner Shriber, were later held to adjudicate his eligibility. Janian and Connolly testified on behalf of Drivers Staffing and were cross-examined by the plaintiff. Plaintiff testified and was cross-examined by Janian. After evaluating the evidence and weighing the credibility of the witnesses, Examiner Shriber affirmed the denial of benefits. Plaintiff's appeals to the DUA Board of Review and the

Massachusetts District Court Department, Dorchester Division, were both denied.

**B.  Procedural History**

On September 26, 2011, plaintiff filed a Complaint which was screened sua sponte by Magistrate Judge Marianne Bowler pursuant to 28 U.S.C. § 1915(e)(2).  Aptly describing the Complaint as "not entirely organized or coherent," Magistrate Judge Bowler identified a number of procedural and substantive defects barring his entitlement to relief: 1) the Rooker-Feldman doctrine bars his claims for review of the DUA's decision to deny him unemployment benefits, 2) his discrimination allegations against Janian and Drivers Staffing are implausible, 3) his claims against Drivers Staffing, Connelly and Janian are barred by a lack of state action and 4) his claims against the DUA and Examiner Shriber are barred by sovereign immunity and quasi-judicial immunity, respectively.  She warned the plaintiff that he would be sanctioned if his vexatious pleading practices were to continue and ordered him to show cause why the action should not be dismissed.

In December 2011, plaintiff filed a (somewhat) responsive pleading.  He attached an Amended Complaint which set forth his case with more precision but remained seriously deficient.  In the Amended Complaint, plaintiff stated allegations in numbered paragraphs and recited the following claim, arising under 42

-3-

U.S.C. §§ 1981 & 1985(3), against the defendants:

> With the malicious intent to ensure that Plaintiff was denied benefits, Defendants conspired amongst themselves to deny Plaintiff the benefits he was entitled by opposed the application [sic], imposing on Plaintiff the burden of proof that was required of a party asserting a set of facts, and in suppressing conflicting evidence of the checks issued Enwonwu so as to baselessly conclude that Plaintiff had quit his employment.

He went on to describe different aspects of Examiner Shriber's decision with which he disagreed and concluded with the allegation that "[b]ut for his Black race and obvious African accent," his employment would not have been terminated and his benefit request would not have been denied.

Magistrate Judge Bowler subsequently allowed the case to proceed past the screening stage even though plaintiff's claims were, as she characterized them, "questionable." She ruled that the Amended Complaint would serve as the operative pleading and directed the defendants to file a responsive pleading. In February and March of 2012, defendants filed separate motions to dismiss based on many of the same deficiencies first identified by Magistrate Judge Bowler. In April 2012, the DUA noticed its refusal to consent to proceed before a Magistrate Judge and the case was transferred to this Session.

## II. Motions to Dismiss for Failure to State a Claim

### A. Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain

"sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Assessing plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether the well-pled facts alleged in the complaint are sufficient to "permit the court to infer more than the mere possibility of misconduct." Iqbal, 129 S. Ct. at 1950. In considering the merits of a motion to dismiss, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).

### B. Application

Plaintiff accuses defendants of violating his civil right to make and enforce contracts free from racial discrimination, under 42 U.S.C. § 1981, and conspiring to deprive him of civil rights, under 42 U.S.C. § 1985(3). Defendants contend that the Amended Complaint should be dismissed for, among other reasons, failure to state claims upon which relief can be granted.

#### 1. 42 U.S.C. § 1981

Section 1981 of Title 42 of the United States Code protects the equal right of all persons to "make and enforce contracts" without respect to race. 42 U.S.C. § 1981(a). Included within the

statutory definition of "make and enforce contracts" are

> the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

Id. at § 1981(b). Because § 1981 confers no private right of action, suits to enforce the federal right created by that statute must be brought pursuant to 42 U.S.C. § 1983. Jett v. Dallas Indep. School Dist., 491 U.S. 701, 733 (1989).

Plaintiff submits that unemployment insurance benefits are "benefits, privileges, terms, and conditions" arising out of his employment contract with Drivers Staffing. While creative, his argument is unavailing. Unemployment benefits arise not out of the contractual relationship between employer and employee but rather out of the statutory obligation assumed by the sovereign for the benefit of its citizens. Plaintiff's right to make and enforce contracts is thus not implicated by the state's denial of unemployment benefits. See Chapa v. Peoples Gas Light & Coke Co., No. 94 C 2048, 1994 WL 323332, at *1 (N.D. Ill. Jun. 27, 1994).

### 2. 42 U.S.C. § 1985(3)

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege that 1) the defendants entered into a conspiracy, 2) the purpose of the conspiracy was to deprive the plaintiff of the right to equal protection or equal privileges and immunities under the law, 3) the defendants committed an "overt act in furtherance of the conspiracy" and 4) the plaintiff suffered

injury to person or property or was deprived of a constitutionally protected right. <u>Uphoff Figueroa</u> v. <u>Alejandro</u>, 597 F.3d 423, 432 (1st Cir. 2010).

Plaintiff's civil rights conspiracy claim is not viable for two reasons. First, he alleges that the object of the conspiracy was to deny him unemployment benefits, not to deprive him of his right to equal protection or equal privileges and immunities under the law. Second, plaintiff fails to plead allegations that could support a reasonable inference of a conspiracy between the Commonwealth and Examiner Shriber, on the one hand, and Drivers Staffing and its employees, on the other. See <u>Horne</u> v. <u>City of Boston</u>, 509 F. Supp. 2d 97, 112-13 (D. Mass. 2007). Plaintiff offers no evidence of a conspiracy nor does he explain why the Commonwealth would conspire with a private employer to deny unemployment benefits to a single citizen. Because the Amended Complaint fails to state a claim, the Court declines to address defendants' remaining grounds for dismissal.

If this suit had been brought in a sincere effort to right a wrong, this Court would be inclined to dismiss it without prejudice and to allow plaintiff the opportunity to cure the identified pleading deficiencies. As Magistrate Judge Bowler pointed out, however, plaintiff's "stated motivations suggest a quest for retribution against his former employer as the primary impetus for this suit." This is not the first time in which the

plaintiff's motivations have been called into question, see Enwonwu v. Holder, Jr., No. 09-cv-11338-RGS ("Enwonwu's request for a declaration that [defendants] are unfit to engage in the practice of law smacks of a quest for retribution rather than a bona fide request for relief."), nor is it the first frivolous suit filed by the plaintiff, see Enwonwu v. Holder, Jr., No. 09-cv-11338-RGS (dismissed sua sponte for failure to state a claim); Enwonwu v. Enwonwu, No. 11-cv-116703-DPW (summarily dismissed for lack of subject-matter jurisdiction); Enwonwu v. Commissioner of Social Security, No. 11-cv-11605-RGS (summarily dismissed for lack of subject-matter jurisdiction). Under the circumstances, the Amended Complaint will be dismissed with prejudice. Plaintiff is forewarned that the filing of another frivolous or vexatious lawsuit may result in the imposition of sanctions.

**ORDER**

In accordance with the foregoing, the motions to dismiss filed by the Massachusetts Division of Unemployment Assistance and Janet Schriber (Docket No. 16) and Drivers Staffing Inc. and Keith Janian (Docket No. 20) are **ALLOWED** and the case is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 6, 2012